**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN RUSSELL "RUSTY" SHIELDS,<br><br>Defendant. | Case No. 12-cr-00410-BLF-1<br>Case No. 17-cv-03978-BLF<br><br>**ORDER DENYING DEFENDANT SHIELDS' RULE 59(e) MOTION AS UNTIMELY**<br><br>[Re: ECF 551] |

Defendant Melvin Russell "Rusty" Shields ("Shields") has filed a "Rule 59e Motion for Reconsideration of ECF-545 Order Denying 2255 and Evidentiary Hearing" ("Rule 59(e) Motion"). *See* Rule 59(e) Motion, ECF 551.[1] The motion is DENIED as untimely.

Shields is serving a prison sentence following his conviction of conspiracy, wire fraud, bank fraud, securities fraud, and making false statements to a bank. On January 21, 2020, this Court issued (1) an Order Denying Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and (2) a Judgment for 28 U.S.C. § 2255 Proceedings. *See* Order Denying § 2255 Motion, ECF 545; Judgment, ECF 546. Shields filed a Notice of Appeal on February 10, 2020. *See* Notice of Appeal, ECF 549. That appeal is pending.

Shields subsequently filed the present Rule 59(e) motion. In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v.*

---

[1] Shields' Rule 59(e) motion bears both the criminal case number and the parallel civil case number. For the same of simplicity, this order refers only to the docket of the criminal case, 12-cr-00410-BLF-1.

1 *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, a timely Rule 59(e)
2 motion "effectively nullifie[s]" a notice of appeal and "effectively revives the district court's
3 jurisdiction." *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990); *accord* Wright & Miller, 11 Fed.
4 Prac. & Proc. Civ. § 2821 (3d ed., 2019 update).

Shields' Rule 59(e) motion is not timely, however. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Judgment for 28 U.S.C. § 2255 Proceedings was entered on January 21, 2020. In order to be timely, then, Shields' Rule 59(e) motion had to be filed no more than 28 days after January 21, 2020, meaning no later than February 18, 2020. Shields signed the Rule 59(e) motion on February 20, 2020, and he indicated on the mailing envelope that it was "placed in institution mailbox on 2/20/20." Rule 59(e) Motion, ECF 551. Under the mailbox rule, Shields' Rule 59(e) motion is deemed filed on February 20, 2020. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("[A] *pro se* prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."). The motion thus was filed two days after the February 18, 2020 deadline.

Shields included with his Rule 59(e) motion a note to the Clerk of Court, stating that he did not receive the Court's denial of his § 2255 Motion until January 28, 2020, and asking that the motion be considered timely. *See* Letter to Clerk, ECF 551 (page 20 of 21). The 28-day time period for filing a Rule 59(e) motion "is jurisdictional and cannot be extended by the court." *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (addressing then-applicable 10-day period under Rule 59(e) before statutory amendment expanded the period to 28 days); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

Moreover, Rule 59(e)'s 28-day period is not extended by Federal Rule of Civil Procedure 6(d), which provides in relevant part that when "a party may or must act within a specified time after being served" by mail, "3 days are added after the period otherwise would expire." Fed. R. Civ. P. 6(d). While it has not specifically addressed the applicability of Rule 6(d) to Rule 59(e) motions, the Ninth Circuit has held in other contexts that the 3 additional days are not added when

2

the period in question runs from "entry of final judgment" rather than "service." *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994). In *Kyle*, the issue was whether the district court's civil local rule providing that motions for attorney's fees had to be filed "not later than thirty (30) days after entry of final judgment" was subject to Rule 6(d)'s predecessor, Rule 6(e). *See id.* at 930. The Ninth Circuit found that it was not, reasoning that the 3-day extension "only enlarge[s] the filing time when the period for acting runs from the *service* of a notice by mail." *Id*. Because the 30-day period at issue in *Kyle* ran from *entry of final judgment*, the Ninth Circuit concluded that the 3-day extension did not apply. *See id.* District courts within the Ninth Circuit have applied the reasoning of *Kyle* to conclude that the 28-day time period set forth in Rule 59(e) is not extended by the additional 3 days referenced in Rule 6(d). *See Kapesi v. Berryhill*, No. EDCV 16-00064 AJW, 2017 WL 8222636, at *1 (C.D. Cal. Aug. 22, 2017) (finding that Rule 59(e)'s 28-day time period was not extended by Rule 6(d)'s predecessor, Rule 6(e)).

In light of the foregoing, the Court concludes that Shields' Rule 59(e) motion is untimely, and that this Court lacks authority to grant Shields' request to deem the motion timely. Shields' Rule 59(e) motion therefore is DENIED AS UNTIMELY.

Dated: March 12, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge