**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN RUSSELL "RUSTY" SHIELDS,<br><br>Defendant. | Case No. 12-cr-00410-BLF-1<br>Case No. 17-cv-03978-BLF<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY RE ORDER DENYING DEFENDANT SHIELDS' RULE 59(e) MOTION**<br><br>[Re: ECF 552] |

On January 21, 2020, this Court denied Defendant Melvin Russell "Rusty" Shields' motion for relief under 28 U.S.C. § 2255, and his request for an evidentiary hearing on that motion. *See* Order Denying § 2255 Motion, ECF 545.[1] The Court denied a certificate of appealability. *See id.* Judgment was entered on January 21, 2020. *See* Judgment, ECF 546.

Shields thereafter filed both a notice of appeal and a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See* Notice of Appeal, ECF 549; Rule 59(e) Motion, ECF 551. On March 12, 2020, this Court denied the Rule 59(e) motion after determining that the motion was untimely and that this Court lacked authority to deem the motion timely as requested by Shields. *See* Order Denying Rule 59(e) Motion, ECF 552. On April 13, 2020, the United States Court of Appeals for the Ninth Circuit issued an order remanding the case to this Court for the limited purpose of either granting or denying a certificate of appealability with respect to the order denying Shields' Rule 59(e) Motion. The Court of Appeals' remand order was entered on the district court docket on April 20, 2020.

---

[1] The documents referenced herein were filed in both Shields' criminal case and his parallel civil case. For the sake of simplicity, this order refers only to the docket of the criminal case, 12-cr-00410-BLF-1.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under this standard, the Court concludes that Shields is not entitled to a certificate of appealability.  No reasonable jurist would find debatable the untimeliness of Shield's Rule 59(e) motion.

**IT IS SO ORDERED.**

Dated:  April 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge